**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALICIO BUMBA PAULO DUNGI, | No. 06-70518 |
| Petitioner, | Agency No. A079-565-504 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and submitted May 11, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Petitioner Natalicio Dungi, a citizen of Angola from the province of

Cabinda, seeks review of his final order of removal. The Board of Immigration

Appeals denied Petitioner's application for asylum, withholding of removal, and

protection under the Convention Against Torture. We have jurisdiction pursuant to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

8 U.S.C. § 1252(a). For the following reasons, we grant the petition and remand the case for further proceedings.

The immigration judge discredited Petitioner's testimony based on inconsistencies among his asylum application responses, statements he made in his asylum interview, averments in an affidavit he filed with the IJ, and his removal hearing testimony. We do not fault the IJ for recognizing these inconsistencies as both significant and not due to translation errors. However, "[i]t is well established in this circuit that false statements and other inconsistencies must be viewed in light of all the evidence presented in the case." *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005).

Here, the record contained three letters—one from Petitioner's brother, one from his pastor, and one from his church in Angola—which together purport to corroborate Petitioner's general account and show that the Angolan security service is actively seeking Petitioner's arrest for crimes of a political dimension. The letters are not mentioned by either the IJ or BIA in any way. The failure to consider these letters in gauging Petitioner's credibility was error. We remand for the agency to evaluate the significance of these documents in relation to Petitioner's credibility vis-à-vis his asylum and withholding of removal claims.

Moreover, even if the BIA sustains the adverse credibility determination on remand, it should nonetheless consider whether Petitioner has established eligibility for asylum or withholding of removal based on the documentary evidence alone. In particular, the three letters from Petitioner's brother, pastor and church appear to show that Petitioner's detention is highly sought by Angolan security forces based on his political activities, and the State Department country reports appear to establish that similarly situated persons are likely to be detained, abused, tortured or killed. Assuming these letters are credible, they appear to lend considerable support to Petitioner's claims. We have previously held that an applicant can establish a well-founded fear of persecution notwithstanding an adverse credibility determination. *See Al-Harbi v. I.N.S.*, 242 F.3d 882, 890–94 (9th Cir. 2001). If the BIA ultimately sustains the negative credibility finding here, it still should address whether Petitioner has established eligibility for asylum or withholding of removal under *Al-Harbi*.

We likewise remand to the BIA for further consideration of Petitioner's CAT claim in light of the letters and country reports. The fact that Petitioner failed to demonstrate that he cannot relocate to another part of Angola does not necessarily bar his CAT claim. The possibility of relocation is just one of several non-exhaustive factors bearing on the likelihood of future torture under 8 C.F.R. §

208.16(c)(3). Relocation is not dispositive under CAT, as it can be in the asylum context. *See* 8 C.F.R. § 208.13(b) (precluding asylum where internal relocation is reasonable); *see also Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir. 2004). Furthermore, "it will rarely be safe to remove a potential torture victim on the assumption that torture will be averted simply by relocating him to another part of the country." *Nuru v. Gonzales*, 404 F.3d 1207, 1219 (9th Cir. 2005). This is particularly so here, where it appears that Petitioner is wanted by the national government for crimes against the nation. The BIA must reassess the likelihood that Petitioner will be tortured if repatriated to Angola in light of the entire record.

The petition for review is **GRANTED** and the case **REMANDED** for further proceedings.